# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CARL A. BLYDEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:19-cv-0033 |
| GOVERNMENT OF THE VIRGIN ISLANDS, | ) ) ) |
| Defendant. | ) ) ) |

**APPEARANCES:**

**Carl A. Blyden,**
St. Thomas, VI
   *Pro se Plaintiff*,

**Sheena Conway, Esq.**
Assistant Attorney General
St. Thomas, VI
   *For Government of the Virgin Islands*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge.**

  **BEFORE THE COURT** is the motion of Defendant, Government of the Virgin Islands (Government), to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) and 12(b)(6), filed on September 8, 2021. (ECF No. 13.)  The time for filing a response has expired.[1] For the reasons stated below, the Court will grant the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

  Plaintiff alleges in his Complaint (ECF No. 1) that a Virgin Islands police officer, namely Alberto M. Donastorg, Sr., shot and killed Plaintiff's brother, Edwin Dale Blyden, on July 18, 1970. Compl. at 1. The complaint further alleges that certain Virgin Islands governmental employees in the Attorney General's office and others worked to "cover up"

---

[1] Responses to Rule 12 motions are due within 21 days of the filing of the motion. LRCi 6.1(b)(1).

the alleged murder and "protect" Officer Donastorg from prosecution. *Id*. at 2. Plaintiff seeks damages for "the wrongful taking of Edwin Dale Blyden [sic] life" and "mental and emotional pain." *Id*. at 3.

Plaintiff filed the instant action on May 9, 2019. (ECF No. 1.) In response to an order of the Court directing Defendant to respond to the complaint by September 6, 2021 (*see* ECF No. 11), the Government filed the motion to dismiss currently before the Court,[2] arguing:

> 1) the time period within which to commence Plaintiff's claims has expired many years ago, 2) Plaintiff has not complied with the VI Torts Claims Act, thus, GVI has absolute immunity from liability[,] 3) Plaintiff has not asserted that he is the personal representative of the decedent herein, and therefore, is not a proper party to bring a wrongful death action[,] and 4) Plaintiff asserts no federal claims herein.

Mot. (ECF No.13) at 1.

The record is devoid of any response or opposition to the motion by Plaintiff, and Plaintiff has not requested additional time to file any response.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's jurisdiction over the case. The plaintiff bears the burden of proving subject matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). Where the complaint does not allege facts sufficient to establish subject matter jurisdiction of the court, a party can move to dismiss pursuant Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Under Rule 12(b)(1), a party may present either a facial or factual challenge to subject matter jurisdiction, but a factual challenge may be brought only after the defendant files an answer or has engaged in discovery. *See Mortensen v. First Fed. Sav. & Loan* Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). When a factual attack is procedurally premature, the Court must treat the motion as a facial challenge. *Askew v. Trustees of Gen. Assembly of Church of the Lord*

---

[2] The Government filed its original motion to dismiss on September 6, 2021, in compliance with the Court-ordered deadline. *See* ECF No. 12. However, by Notice of Corrected Docket Entry dated September 7, 2021, the Government was instructed to refile the motion. *See* docket entry between ECF Nos. 12 and 13, dated September 7, 2021. The corrected motion, filed on September 8, 2021, (ECF No. 13), is the motion to dismiss currently under consideration.

*Jesus Christ of the Apostolic Faith Inc.*, 684 F.3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial.").

In a facial challenge, the Court "will consider 'whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" *Nellom v. Delaware Cty. Domestic Rels. Section*, 145 F. Supp. 3d 470, 476 (E.D. Pa. 2015) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)). In addition to the complaint, the Court may also consider "documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff*." In re Insurance Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party*. Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) *cert. denied*, 562 U.S. 1271 (2011).

The Supreme Court set forth the "plausibility" standard for overcoming a motion to dismiss in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which

pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### III. DISCUSSION

The Complaint appears to allege two causes of action: wrongful death and intentional or negligent infliction of emotional distress. It cannot be disputed that both claims sound in tort.

### *A. Failure to State a Claim*

One of the arguments raised by the Government in its motion to dismiss is Plaintiff's failure to comply with the Virgin Islands Tort Claims Act (VITCA). As the Government states, tort claims may be asserted against the Government of the Virgin Islands only in conformance with the Virgin Islands Tort Claims Act. Mot. at 6-7. *See, e.g., Alexander v. Wilson*, 73 V.I. 528, 533 (V.I. 2020) (where the Virgin Islands Supreme Court notes that the "Revised Organic Act 1954, which serves as the *de facto* constitution for the Virgin Islands, provides that 'no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature.' The Legislature later waived this grant of immunity for tort claims by enacting the VITCA, 33 V.I.C. §§ 3401 through 3417"). The complaint is silent regarding Plaintiff's compliance with the notice requirements of the Act as set forth in Section 3409.[3] However,

---

[3] The Supreme Court of the Virgin Islands has yet to decide whether the VITCA requirements are jurisdictional or non-jurisdictional. *Alexander*, 73 V.I. at 534; *but see Lewis v. V.I. Gov't Hosp. & Health Facilities Corp.*, Civil No. SX-2021-CV-893, 2022 V.I. LEXIS 27, at *10-11 (V.I. Super. Ct. Mar. 22, 2022) (where, after acknowledging that

even if Plaintiff failed to comply with the statutory requirement of providing notice to the Government of his claims and the notice requirement is jurisdictional, the Court need not decide that issue because other grounds on which to dismiss the tort actions exist. Regarding the wrongful death claim, that claim fails due to the operation of the statute of limitations. As for the infliction of emotional distress claim, that claim fails due to Plaintiff's failure to allege sufficient facts to establish a *prima facie* case.

The statute of limitations for tort claims is two years in the Virgin Islands. *See* 5 V.I.C. § 31(5)(A). This limitations period applies to the wrongful death claim asserted by Plaintiff in the matter at bar. *See Halliday v. Foot Locker Specialty, Inc.*, Case No. ST-07-CV-461, 2014 V.I. LEXIS 92, at *7 (V.I. Super. Ct. Oct. 20, 2014) ("A two-year statute of limitations applies to wrongful death actions." (citations omitted)).

Plaintiff alleges that his brother was killed on July 18, 1970. Compl. at 1. A wrongful death claim accrues at the time of death. *Lockhart v. Government of the Virgin Islands*, CIVIL ACTION No. 05-125; CIVIL ACTION No. 05-126; CIVIL ACTION No. 05-127 Consolidated Actions, 2009 U.S. Dist. LEXIS 23961, at *20 (D.V.I. Mar. 25, 2009). Since more than two years have elapsed between the death of the decedent on July 18, 1970, and the May 9, 2019, filing of the Complaint, the Court finds that the statute of limitations has run as to Plaintiff's wrongful death claim.[4]

It is unclear whether Plaintiff alleges intentional or negligent infliction of emotional distress. However, the Court finds that Plaintiff fails to allege sufficient specific facts to state either claim. Both intentional and negligent infliction of emotional distress claims require the same elements:

> "(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such

---

the Virgin Islands Supreme Court has yet to decide the issue, the Superior Court states, "However, in *Richardson v. Knud Handsen [sic] Metn'l Hosp.*, 744 F.2d 1007, 1010 (3d Cir. 1984), the Third Circuit Court of Appeals held that compliance with the pre-filing requirements under the VITCA are jurisdictional, and *Richardson* remains binding on the Virgin Islands Superior Court").

[4] The Court also notes that "[i] In the Virgin Islands, an action for wrongful death "shall be brought by the decedent's personal representative." *Halliday*, 2014 V.I. LEXIS 92, at *7 (quoting V.I. Code Ann., tit. 5, § 76.). As the Government contends in its motion, the Complaint is silent regarding whether Plaintiff is his deceased brother's "personal representative." Mot. at 6.

> emotional distress, and if bodily harm to the other results from it, for such bodily harm.
> (2) Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress (a) to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or (b) to any other person who is present at the time, if such distress results in bodily harm."

*James v. Mosler*, Case No. SX-2005-CV-0356, 2021 V.I. LEXIS 25, at *9-10 (V.I. Super. Ct. May 24, 2021), (quoting Restatement (Second) of Torts, Section 46 (footnotes and other citations omitted)). Nowhere in the Complaint does Plaintiff provide specific facts to support his allegations of a "cover up" to "protect" the police officer whom Plaintiff alleges shot and killed his bother. The only well-pleaded allegations the Court can glean from the Complaint and the attachment[5] are: (1) Plaintiff's brother Edwin Dale Blyden was shot and killed in July 1970 (Compl. at 1); (2) the deceased was hit with a .38 caliber "slug" (Attachment 1 at 2); (3) a man named Mr. Aubain was arrested in connection with the shooting (Attachment 1 at 1-2); and, (4) charges were dismissed against Mr. Aubain (Attachment 1 at 2). The remaining narrative provided by Plaintiff in his Complaint is comprised of speculation and unfounded conclusions, not actual facts. For example, Plaintiff cites no facts to support his conclusion that Officer Donastorg was the shooter. He alleges that the officer had a motive and that the shooting occurred near the officer's apartment (Compl. at 1); but, Plaintiff offers no other facts, like names of eyewitnesses, concerning the identity of the shooter. Aside from Plaintiff's conclusory statements about a "cover up," Plaintiff does not allege any "extreme" or "outrageous" conduct by Defendant. Even if the police investigation could have been conducted differently, the allegations of Plaintiff, taken as true and construed in the light most favorable to Plaintiff, that certain individuals were not involved or potential witnesses were not interviewed, without more, do not rise to the level of extreme and outrageous conduct.

---

[5] The attachment to the Complaint (ECF No. 1-1) is a copy of correspondence dated March 6, 1973, addressed to then-Senator Alexander Moorhead, Jr., from Alphonso A. Christian, then-Commissioner of the Department of Public Safety, and briefly outlines the police investigation of the shooting of Edward [sic] Dale Blyden, the arrest of a suspect, and the reason charges against the suspect were dismissed.

In addition, Plaintiff fails to specify the "severe" emotional distress suffered by Plaintiff as a result of Defendant's actions. Plaintiff mentions emotional distress only in the "prayer" of his complaint, where he states: "The family of Edwin Dale Blyden seeks (10) million dollars for the wrongful taking of Edwin Dale Blyden [sic] life, mental and emotional pain, anguish [sic] that they have suffered throughout the years." *Id*. at 3. The Court finds Plaintiff's claimed emotional injury, as stated, without more specificity and not personal to him, does not constitute sufficiently serious or severe injury to merit recovery for a claim of infliction of emotional distress. *See, e.g., Smith v. Law Offices of Karin A. Bentz, P.C.*, Civil No. ST-17-CV-116, 2017 V.I. LEXIS 111, at *15 (V.I. Super. Ct. July 20, 2017) (where the court found "migraine/headaches, stress and other ailments" insufficient to state a claim for negligent or intentional infliction of emotional distress).

### B. Subject Matter Jurisdiction

In the unlikely event that Plaintiff's claims can overcome a 12(b)(6) challenge upon review, the Court now turns to the matter of jurisdiction. Federal district courts are courts of limited jurisdiction. A federal district court can exercise subject matter jurisdiction based only upon federal question jurisdiction, diversity jurisdiction, and/or admiralty/maritime jurisdiction. *See, e.g., DeLagarde v. Tours VI Ltd.*, Case No. 3:20-cv-0093, 2022 U.S. Dist. LEXIS 34405, at *6-7 (D.V.I. Feb. 28, 2022); 28 U.S.C. §§ 1331-33. Thus, if the Court "lacks subject-matter jurisdiction, the [C]ourt *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Clearly, the complaint in this matter does not assert admiralty/maritime claims. Thus, the Court examines the two remaining bases of subject matter jurisdiction.

#### 1. Federal Question

Because the Government presents a *pre-answer* 12(b)(1) factual challenge, the Court construes the motion as a facial challenge. In its analysis, the Court takes the allegations of the complaint and attached documents as true and considers whether the complaint alleges facts sufficient to establish the Court's jurisdiction over the case. "[J]urisdiction in the federal courts is limited . . . and exists in only two circumstances: when a complaint asserts a cause of action under some provision of federal law . . . or when the parties are of diverse citizenship and the amount in controversy exceeds the jurisdictional minimum of

$75,000.00, exclusive of costs and interest . . . ." *Abulkhair v. Liberty Mut. Ins. Co.*, 441 F. App'x 927, 930 (3d Cir. 2011) (citations omitted). Moreover, "[t]he basis for federal court jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint." *Id*.

A generous reading of the complaint identifies two causes of action as discussed herein. Neither the wrongful death claim nor the infliction of emotional distress claim is recognized under federal law. While it is within the realm of possibility that Plaintiff could have alleged a claim under 42 U.S.C. § 1983, he does not name any of the government actors identified within the complaint as individual defendants; he brings the action against the Government of the Virgin Islands, only. "It is well established that the Government of the Virgin Islands and its instrumentalities do not fall within § 1983's meaning of a 'person.' . . . Thus, the Territory of the Virgin Islands is not subject to liability under § 1983 as matter of law." *Blyden v. Wilson*, Civil No. 2015-30, 2018 U.S. Dist. LEXIS 157157, at *11 n.7 (D.V.I. Sept. 14, 2018) (Report and Recommendation, adopted in part and modified in part by *Blyden v. Wilson*, Civil No. 2015-30, 2018 U.S. Dist. LEXIS 156822 (D.V.I. Sept. 14, 2018) (citing *Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990) ("Congress did not intend to encompass a Territory among those 'persons' who could be exposed to § 1983 liability.")); *Brow v. Farrelly*, 994 F.2d 1027, 1037 (3d Cir. 1993)). Consequently, the Court is unable to identify any cognizable claim under federal law from the face of Plaintiff's complaint

### 2. Diversity

Diversity jurisdiction is established when the citizenship of all plaintiffs is completely diverse from the citizenship of all defendants and the amount of controversy exceeds $75,0000.00. 28 U.S.C. § 1332(a). Here, Plaintiff does not allege the citizenship of the parties. Because Plaintiff includes a Virgin Islands address accompanying his signature in the Complaint, for the purposes of the matter currently before the Court, the Court finds that Plaintiff is a citizen of the United States Virgin Islands. Government of the Virgin Islands, the only named defendant in this matter, cannot be considered as a citizen for purposes of diversity jurisdiction. *See, e.g., Daley v. Dowdye*, 571 F. App'x 128, 129 (3d Cir. 2014), applying *Brown v. Francis*, 75 F. 3d 860, 865-66 (3d Cir. 1996). Because the parties in the matter at bar are not diverse, the Court cannot exercise diversity jurisdiction.

## IV. CONCLUSION

Because the Court finds that Plaintiff has failed to state claims upon which relief can be granted and because the Court finds that it lacks subject matter jurisdiction, the Court will grant the Government's motion to dismiss. An appropriate Order follows.

**Dated:** May 31, 2022		*/s/ Robert A. Molloy*
	**ROBERT A. MOLLOY**
	**Chief Judge**